T.C. Summary Opinion 2006-58

UNITED STATES TAX COURT

RICHARD C. AND MARY JO RUNYAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4124-04S.               Filed April 19, 2006.

<u>Richard S. Avellone</u>, for petitioners.

<u>Steven W. LaBounty</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect at the time the petition was
filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,057 in petitioners'
2001 Federal income tax.

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.

The sole issue for decision is whether petitioners are entitled to a deduction of $5,221 for the year 2001 for a contribution to a retirement plan under section 408(k), commonly referred to as a SIMPLE IRA.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Labadie, Missouri. Petitioners were not present at trial but were represented by counsel.

Petitioners filed a timely joint Federal income tax return for 2001, on which they reported the following income:

| | |
|---|---:|
| Wages and salaries | $299,273 |
| Taxable interest | 12,537 |
| Ordinary dividends | 1,370 |
| Taxable refunds and credits | 235 |
| Schedule C, Trade or Business Income | 10,384 |
| Schedule D, Capital Losses | (3,000) |
| Total income | $320,799 |

On line 29, Self-employed SEP, SIMPLE, and qualified plans, of Form 1040, U.S. Individual Income Tax Return, for the year 2001, petitioners claimed a deduction of $6,788. In the notice of deficiency, respondent determined that $1,567 of that amount was allowable as a SEP contribution, and $5,221 was disallowed. Thus, of the $6,788 claimed on line 29 of their return, $5,221 was not allowed as a qualified plan deduction. The issue, therefore, is whether that $5,221 is allowable as a pension plan

contribution.[2]  Petitioners contend the $5,221 represented a contribution to a SIMPLE IRA.  That is the sole issue for decision.

Although respondent determined that petitioners had not proven that they paid $5,221 toward a qualified pension plan, petitioners at trial, through their attorney, presented documentation that petitioners had made a payment of $6,788 on April 25, 2002, to Northwestern Mutual Life Insurance Co.  Based on that documentation, petitioners maintain that this amount represented a contribution to a qualified plan.  The claimed contribution was in connection with the self-employment activity of Richard C. Runyan (petitioner).  The documents offered into evidence characterized the $6,788 as a contribution to a simplified employee IRA, which is commonly referred to as a "SEP".  Such a plan is different from a SIMPLE plan or a SIMPLE IRA.[3]  Petitioners contend, nevertheless, that they properly established a plan by executing Form 5304-SIMPLE, Savings

---

[2]Two other adjustments in the notice of deficiency have been conceded by petitioners:  Unreported interest income of $182 and a $2,136 distributive share of partnership income (Tomco Realty, LLC).

[3]The term SIMPLE means Savings Incentive Match Plan for Employees of Small Employers.  The plan is effected by signing Form 5304-SIMPLE, which is not filed with the IRS.  A SEP means Salary Reduction Simplified Employee Pension and originates with execution of Form 5305-A, Salary Reduction Simplified Employee Pension.  That form also is not filed with the IRS.  Neither Form 5304-A nor Form 5305-A was offered into evidence at trial.

Incentive Match Plan for Employees of Small Employers (SIMPLE), which is not required to be filed. A copy of that document, however, was not produced at trial, nor was any evidence offered to show whether Northwestern Mutual Life Insurance Co. mischaracterized the $6,222 as a SEP.

Petitioners' 2001 Federal income tax return was signed on April 14, 2002, and was presumably filed on that date. The return was prepared by the attorney who represented petitioners at trial, who is also a certified public accountant.

Both SIMPLE and SEP plans are considered and treated as versions of an IRA. The authority for a SIMPLE plan is section 408(p). A SEP, on the other hand, is defined in section 408(k). The differences between SIMPLE and SEP plans are not material to the issue in this case.[4]

Section 408(p)(5)(A)(i) requires that the contribution to any SIMPLE retirement account must be made not later than the close of the 30-day period following the last day of the month with respect to which the contributions are to be made.

---

[4]Respondent agreed that petitioners had a qualified SEP plan during 2001 and made a contribution of $3,000 to Northwestern Mutual Life Insurance Co. for the year 2001. In the notice of deficiency, respondent determined that $1,567 of the $3,000 contributed was allowable as a deduction based on an information return, Form 5498, IRA Contribution Information, SEP contributions, filed by Northwestern Mutual Life Insurance Co. It does not appear that a Form 5498 was issued by Northwestern Mutual Life Insurance Co. for the $5,221 at issue in this case.

In this case, the claimed contribution was in connection with petitioner's self-employed activity.  Thus, the last day of the business year for that activity was December 31, 2001.  Petitioners, therefore, were required to make their SIMPLE contribution on or before January 31, 2002.  The evidence presented by petitioners at trial, which came from Northwestern Mutual Life Insurance Co., the trustee for the trust, shows that the $6,788 payment by petitioners was received on April 25, 2002, and "Payment Processed on 04/26/2002".  That payment, which includes the $5,221 at issue, was not a timely contribution for the year 2001 as a SIMPLE IRA contribution.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>